[Civ. No. 9178.   Third Dist.   Jan. 27, 1958.]

GAIL McDOUGALL, a Minor, etc., et al., Plaintiffs; FRED McDOUGALL, Appellant, v. DAN DILLON et al., Respondents.

Stanley P. Makay for Appellant.

Heenan & Arnoldy, and Rich, Fuidge & Dawson for Respondents.

VAN DYKE, P. J.—Appellant herein seeks to recover the amount of the medical expenses he incurred on behalf of his minor daughter, Gail, who was severely burned while a guest at the home of respondents.

At the time of the accident Gail was between 4 and 5 years of age. She and her parents lived next door to respondents, who are husband and wife. Gail frequently visited with the respondent wife, hereinafter referred to as respondent. She was so doing on the day she was injured. Respondent kept the child with her while she performed her household duties. Gail went with respondent into the kitchen and watched her prepare vegetables for dinner. She then went with respondent into the adjoining garage where respondent's mangle was housed. Respondent put the machine in operation and seated herself in a chair facing it. Gail stood beside her and handed towels to respondent who ran them through the mangle and then gave them to Gail to fold. Respondent warned Gail that the mangle was hot and that she should be careful. After the ironing had gone on for some time respondent went into the kitchen to remove a pressure cooker from the stove. She left Gail near the mangle, telling her to wait and that she would be right back. The temperature of the shoe was approximately 400 degrees. Before going into the kitchen, respondent placed the mangle in a nonoperating position, with the roller raised $1\frac{1}{4}$ inches above the shoe. She did not place the lid or cover over the roller and hot shoe. Less than two minutes after respondent left Gail, she heard the child scream and rushed back into the garage. There she found Gail partially kneeling on the chair in front of the mangle with her left hand stuck to the shoe. She extricated the child's hand, but in so doing the seared skin was torn from the whole back of Gail's hand. Gail required extensive medical treatment and skin grafts. Appellant herein seeks to recover the expenses therefor.

The trial court, sitting without a jury, found that respondent "used the degree of care required of her to avoid injury to" Gail "and was not reckless, careless or negligent." From the adverse judgment thereupon entered appellant appeals.

The Supreme Court in *Seneris* v. *Haas*, 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R.2d 124], stated:

". . . A defendant's conduct must always be gauged in relation to all the other material circumstances surrounding it, and if such other circumstances admit of a reasonable doubt as to whether the questioned conduct falls within or without

the bounds of ordinary care then such doubt must be resolved as a matter of fact rather than of law.''

Appellant contends that respondent was guilty of negligence as a matter of law. The same contention was rejected by this court upon similar facts in *Tesone* v. *Reiman,* 117 Cal.App.2d 211, 216 [255 P.2d 48]. There, a child aged 2 years and two months was severely burned when her hand caught between the roller and shoe of a mangle which a servant left unattended while she stepped into another room. It is true that there the child, who was visiting her grandmother, was under the supervision of her mother, and not the servant, whereas Gail had been entrusted to respondent's care. In the Tesone case the little girl had not been in the service porch where the servant had been ironing. Her presence there was not discovered until she was hurt. Here Gail was in the garage with respondent who knowingly left her unattended beside the mangle while she went into the kitchen, although it was shown she was aware that Gail was inclined to ''meddle'' with things. Apparently Gail had tried to use the mangle as she had seen respondent do. With the record before it the trial court found that respondent had not been negligent in leaving Gail alone beside the mangle. Although a finding to the contrary would find ample support in the record, we cannot hold, as a matter of law, that respondent was negligent. There was evidence that Gail was intelligent; that respondent had previously warned Gail that the mangle was hot; that respondent left the mangle in a nonoperating condition; that while in the kitchen respondent was only a few feet distant from Gail and intended to return to the garage within a few minutes. It was for the trier of fact to determine whether, under the circumstances, respondent acted with that degree of care required of her. The challenged finding cannot be disturbed on appeal.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.